UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK GAMBOA | ) | CIVIL ACTION |
| | ) | |
| V. | ) | CASE NO. 1:22-cv-01013 |
| | ) | |
| EDMUNDO T. (ED) COTA & ATLAS SPINE SPECIALISTS LLC | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Jurisdiction of this court is based on Plaintiff's claims arising under the Securities Exchange Act of 1934, 15 U.S.C. Section 78a and Section 78aa, SEC Rule 10b-5, and under federal question jurisdiction under 28 U.S.C. Section 1331. Additionally the court has supplemental jurisdiction under 28 U.S.C. Section 1367 for Plaintiff's claims brought under the Texas Securities Act, Texas Government Code, Title 12, the Texas Business & Commerce Code, Section 27.01, and for fraud under the common law.

2. Under 28 U.S.C. 1391(b)(2), venue is proper in the Western District of Texas, Austin Division, because a substantial part of the events, acts or omissions giving rise to Plaintiff's claims set forth in this Complaint occurred in Travis County, Austin, Texas. The events, acts or omissions include Defendants contacts, communications, false representations, and false promises made to Plaintiff while he was in Austin, Texas. Also, the cashier's check Plaintiff used to make his $20,000 investment with Defendants was drawn on Randolph Brooks Federal Credit Union located in Austin, Texas and was sent to Defendants from Austin, Texas. Also, Defendants induced Plaintiff to fly from Austin, Texas to meet the Defendants in Atlanta, Georgia.

1

## The Parties

3. Plaintiff is an individual residing in Travis County, Austin, Texas, which is located in the Western District of Texas, Austin Division.

4. Defendant Edmundo T. (Ed) Cota is an individual who may be served at his residence at 4743 Cambridge Road, Atlanta, Georgia 30038.

5. Defendant Atlas Spine Specialists LLC, ("Atlas") is a limited liability company organized and existing under the law of the State of Georgia who may be served by serving its registered agent, Brad Bootstaylor at 5855 Jimmy Carter Blvd, Suite 180, Norcross, Georgia 30071.

## Factual Allegations

6. Beginning in August 2020, Defendants solicited Plaintiff to invest $20,000 to acquire a share and equity interest in Defendants' business; namely, health care clinics, located in the Atlanta, Georgia area. Defendants induced Plaintiff to purchase a share and equity interest in Defendants' business.

7. Plaintiff invested $20,000 in Defendants' business.

8. Defendants told Plaintiff he would realize a 3 to 1 return on his investment by investing into their health care clinics business. In consideration, Defendants would issue Plaintiff shares and equity interest in the business controlled and operated by Defendants.

9. Defendants used instrumentalities of interstate commerce in connection with their alluring inducements to Plaintiff to invest $20,000. The United States mail, telephone and internet was used in connection with the investment offer to purchase an interest in Defendants' business. Also, Plaintiff traveled interstate by airplane from Austin, Texas to Atlanta, Geogia, at Defendants' request to discuss investing in Defendants' business and to view the health care clinics.

10. The sale and offer to sell an interest in the health care clinics business constituted an offer to purchase and an actual purchase of a security. 15 U.S.C. Section 77b(a); 15 U.S.C. Section 78c(10, 11); *SEC v. Howey,* 328 U.S. 293 (1946).

11. The offered securities were not registered nor was a prospectus issued prior to Plaintiff's investment in Defendants' business.

12. In reliance on Defendants' offer to invest and their inducements to invest, Plaintiff sent Defendants his Randolph Brooks Federal Credit Union cashier's check for $20,000. The cashier's check was sent Federal Express to Defendants on or about October 19, 2020. The cashier's check was sent interstate from Travis County, Austin, Texas to Ed Cota's home in Atlanta, Georgia. After Defendants got Plaintiff's money, Defendants have ignored, stonewalled, and evaded Plaintiff's numerous requests to account for the money or issue any stock or shares in the business. Defendants have failed and refursed to make restitution either. Since Defendants have failed and refused to resolve the matter of Plaintiff's investment, Plaintiff has been forced tto bring this action in this court.

### Allegations of a Scheme to Defraud Plaintiff

13. Plaintiff alleges that Defendants schemed to swindle and defraud him out of $20,000 in order to carry on their business, obtain working capital, and expand their business enterprise. Plaintiff alleges that Defendants intended to take Plaintiff's investment money for their own benefit and did not have an intention to issue Plaintiff a stock or share interest in the business.

14. Furthermore, in furtherance of their scheme to bilk and defraud Plaintiff, Defendants have failed and refused to issue Plaintiff any stock or share certificates or other documentation evidencing his acquisition of an equity interest in Defendants' health care clinics business.

Defendants have failed and refused to acknowledge Plaintiff's investment by providing Plaintiff with any receipt, K1 tax statements, or any other documents recognizing Plaintiff's investment. Also, Plaintiff has not benefitted because he has not received any gain or return on his capital investment and because he has not received anything of value nor any share in the profits from Defendants' business.

15. Consequently, Plaintiff alleges Defendants swindled and defrauded him of his investment money. To accomplish the scheme, Defendants employed an artifice and device, and told Plaintiff false, deceptive and misleading representations or omitted material facts in connection with the offer to sell and Plaintiffs actual purchase of a share or equity interest in Defendants' business.

## Actual Damages

16. Defendants' false representations, securities fraud, statutory fraud, and common law fraud directly and proximately caused Plaintiff injury which resulted in damages. Plaintiff sustained an out of pocket loss of his investment capital of $20,000 and the loss of the benefit of the bargain in that Plaintiff was deprived of the valuable opportunity to be an equity shareowner in a growing multi-clinic business and the profits it generates.

17. Furthermore, Defendants have failed and refused to refund the $20,000 to Plaintiff or to account for any value and profits that was generated from Defendants clinics.

## Control and Joint and Several Liability

18. Common to all Counts described in this Complaint is Plaintiff's allegation that Ed Cota controls Defendant Atlas because he is the majority owner and a manager, officer, and director of Atlas. Additionally, Defendant Cota and Defendant Atlas are jointly and severally liable to Plaintiff for their fraudulent conduct. Joint and several liability also arises from Defendants acting together

and aiding and abetting one another and by operation of law which imposes joint and several liability on the Defendants pursuant to 15 U.S.C. Section 78t and Section 4008.055 of the Texas Securities Act, Tex. Gov. Code, Title 12.

### Count 1-Federal Securities Violations

19. Plaintiff alleges that Defendants violated the Securities Exchange Act of 1934 by defrauding him of his investment capital which also deprived him of having a participatory interest in a thriving multi-clinic health care business in the Atlanta, George area.

20. Plaintiff alleges that Defendants violated 15 U.S.C. Section 78j(b) and Rule 10b-5 (17 CFR Section 240.10b-5) in that Defendants engaged in unlawful conduct in connection with Plaintiff's purchase and Defendants' offer to sell and sale of a security. The unlawful conduct occurred through Defendants' use or employment of deceptive, misleading and false representations that Plaintiff would be acquiring a stake in Defendant's business and would realize an investment return of at least 3 times the capital invested in a growing health care business.

### Count 2-Violations of the Texas Securities Act

21. Plaintiff alleges that Defendants violated the Texas Securities Act (Texas Gov. Code Title 12) because Defendants unlawfully used or employed deception, misleading statements of material fact, and false representations that Plaintiff's investment of $20,000 would result in Plaintiff acquiring an equity interest in Defendants' growing health care clincs business and that he would realize an investment return of at least 3 times the capital invested with Defendants.

### Count 3-Statutory Stock Transacton Fraud

22. In addition, Plaintiff alleges that Defendants committed statutory fraud by violating Section 27.01 of the Texas Business & Commerce Code. Plaintiff would show that Defendants

made deceptive, misleading, and false representations of material fact that Plaintiff would own an equity interest in Defendants' health care business and that he could expect to achieve a return of at least 3x the amount of his investment of $20,000. The false representations were made to induce Plaintiff to invest $20,000. Plaintiff relied on the false representations in entering into the investment transaction. Alternatively, Defendants made false promises to Plaintiff that he would own an equity stock interest in Defendants' growing health care clinics business. Plaintiff would further show that Defendants falsely promised to make Plaintiff an owner of an interest in Defendants' health care business and that Plaintiff would enjoy at least a 3x return on his investment. Defendants did not have any intention to fulfill the promises. Plaintiff relied on the false promises in entering into the transaction. Defendants' false promises were material because Plaintiff would not have made the investment in Defendants' business but for the representations and promises made to him.

### Common Law Fraud

23. The foregoing allegations are realleged herein.

24. In addition to the foregoing violations of Federal and Texas State securities laws, and statutory fraud under Section 27.01, Tex. Bus. & Comm. Code, Defendants engaged in common law fraud. Defendants intentionally, wilfully and knowingly made false representations and promises to Plaintiff that he would be an equity owner in Defendants health care clinics business and that he could expect a return of 3x his $20,000 investment with Defendants. Plaintiff relied on Defendants' representations and promises and they were material.

### Exemplary Damages

25. Plaintiff's injury resulted from Defendants' fraud, which entitles Plaintiff to exemplary

damages under 15 U.S.C. Sec. 78j(b), Rule 10b-5, Texas Civil Practice & Remedies Code, Ch. 41, and Section 27.01 of the Texas Business & Commerce Code.

### Intentional, Knowing, and Wilful Conduct

26. Defendants intentionally, knowingly, and wilfully swindled and defrauded Plaintiff in violation of the Securities Exchange Act of 1934, Rule 10b-5, the Texas Securities Act, Section 27.01 of the Texas Business & Commerce Code, and the common law.

### Attorney Fees & Costs

27. Plaintiff sues Defendants for his reasonable attorney's fees for the trial and preparation of this lawsuit and for any action to enforce collection of a judgment in this lawsuit and for any appellate proceedings regarding this lawsuit. Attorney fees are recoverable under the 15 U.S.C. Section 78j(b), Rule 10b-5, the Texas Securities Act, Tex. Gov. Code, Title 12, Section 4008.06, and Section 27.01 of the Texas Business & Commerce Code, and under principles of equity.

28. Plaintiff sues Defendants for costs of court, service of process fees, expert witness fees, and costs of copies of depositions

### Request for Relief

29. Plaintiff requests this court to award him:

A. Actual damages;

B. Exemplary damages;

C. Costs;

D. Reasonable attorney's fee;

E. Recission of the stock purchase transaction;

F. The value Plaintiff would have achieved due to his investment;

G. Specific performance requiring Defendants to issue Plaintiff an equity interest in Defendants' health care business;

H. Pre-judgment and post-judgment interest allowed by law;

I. Such other and further relief as may just and equitable.

### Jury Demand

30. Plaintiff demands a trial by jury.

S/Thomas A. Clarke
Texas Bar No. 04318600
5802 IH 10 West
San Antonio, Texas 78201
210/733-6235
210/733-0374 fax
tomatty52@gmail.com
Lead Counsel for Plaintiff

S/ Michael J. Black
Texas Bar No. 02384400
750 Rittiman Road
San Antonio, Texas 78209
210/829-2020
210/829-2021
mblack@burnsandblack.com
Co-counsel for Plaintiff
